**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Salvador AVILES, Defendant— Appellant.**

**No. 03–16565.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kevin V. Ryan, Office of the U.S. Attorney, San Jose, CA, for Plaintiff—Appellee.

C. David Hall, Office of the U.S. Attorney, San Francisco, CA, for Defendant—Appellant.

Salvador Aviles, Lompoc, CA, pro se.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

### MEMORANDUM**

Salvador Aviles appeals from the district court's order denying his 28 U.S.C. § 2255 motion challenging the sentence imposed following his conviction for narcotics conspiracy and telephone charges. We have jurisdiction pursuant to 28 U.S.C. § 2253.

A limited certificate of appealability ("COA") was granted on the issue of whether Aviles' due process claim that his sentence was enhanced on the basis of facts not charged in the indictment, submitted to a jury, or proved beyond a rea-

sonable doubt, has become a valid retroactive claim under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The retroactive application of *Apprendi* on collateral review is foreclosed by *United States v. Sanchez–Cervantes*, 282 F.3d 664, 667 (9th Cir.2002), and we affirm the district court.

To the extent that Aviles raises arguments not encompassed within the COA, we construe this as a motion to broaden the COA and deny the motion. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e). We additionally deny Aviles' motion for broader certification. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

